996 F.2d 1220
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Jose L. GARCIA, Defendant/Appellant.
 No. 91-3541.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 29, 1993.*
Decided June 14, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Jose Garcia of conspiring to knowingly and intentionally distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. § 846. Garcia appealed, and this court affirmed Garcia's conviction. United States v. Garcia, 897 F.2d 1413 (7th Cir.1990). Garcia subsequently filed a motion pursuant to 28 U.S.C. § 2255, claiming that he was sentenced in violation of the laws of the United States. On July 15, 1991, the district court summarily dismissed Garcia's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.
 
 
 2
 It is apparent from his brief, though not from his notice of appeal, that Garcia seeks review of the summary dismissal of his § 2255 motion. Nevertheless, Garcia failed to preserve this issue for appeal. Rule 4(a) of the Federal Rules of Civil Procedure gave Garcia sixty days from July 15, 1991, in which to file a notice of appeal. Garcia did not file a notice of appeal until October 31, 1991, well after the deadline passed. The three post-judgment motions that Garcia filed between August 14, 1991, and September 23, 1991, (two motions to expand the record and a motion to stay the proceedings), which the district court denied in a single order on October 16, 1991, did not affect the time for filing a notice of appeal of the July 15 judgment. We therefore lack subject matter jurisdiction to review the district court's summary dismissal of Garcia's § 2255 motion. See United States v. Robinson, 361 U.S. 220, 229 (1960).
 
 
 3
 Garcia also seeks review of the denial of his motion to expand the record, which he filed on August 14, 1991, and again on September 23, 1991, and his "Motion for Stay of Proceedings," which he filed on September 23, 1991. We have jurisdiction to review the district court's resolution of these motions, for the court entered its order denying all three motions on October 16, 1991, and Garcia filed his notice of appeal within the sixty-day deadline. Fed.R.App.P. 4(a). Nevertheless, we conclude that the district court properly denied the motions.
 
 
 4
 Garcia based his motions to expand the record on Rule 7(a) of the Rules Governing Section 2255 Proceedings. Rule 7(a) provides that "[i]f the motion is not dismissed summarily, the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the motion." The district court summarily dismissed Garcia's § 2255 motion. Therefore, Rule 7(a) is inapplicable and the district court correctly denied Garcia's motions to expand the record.
 
 
 5
 Garcia based his motion to stay the proceedings on Federal Rule of Civil Procedure 62(b). Rule 62(b) states that a district court may "[i]n its discretion ... stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion" made pursuant to Rule 59, Rule 60, Rule 50, or Rule 52(a) of the Federal Rules of Civil Procedure. Garcia did not file a motion pursuant to any of these Rules. Therefore, Rule 62(b) is inapplicable and the district court properly denied Garcia's motion to stay the proceedings.
 
 
 6
 Garcia's appeal of the district court's judgment of July 15, 1991, is DISMISSED for want of jurisdiction. The district court's order of October 16, 1991, denying Garcia's motions to expand the record and to stay the proceedings is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record